Filed 7/30/25  P. v. Wright CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD JUDSON WRIGHT,<br><br>    Defendant and Appellant. | B336957<br>(Los Angeles County<br>Super. Ct. No. A383951) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Reversed and remanded.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Edward Judson Wright (defendant) appeals an order denying his request for resentencing under Penal Code section 1172.75.[1] Defendant contends the stayed status of his section 667.5, subdivision (b), enhancements does not affect his entitlement to a full resentencing under section 1172.75. Based on the recently issued *People v. Rhodius* (2025) 17 Cal.5th 1050, we conclude defendant is entitled to a hearing at which he is resentenced under section 1172.75.

## BACKGROUND

### The 1983 conviction

In 1982, defendant and his brother were charged with one count of first degree murder (§ 187, subd. (a); count 1), four counts of robbery (§ 211; counts 2, 4–6), and one count of burglary (§ 459; count 3), with allegations against defendant that a principal was armed in the commission of the offenses (§ 12022, subd. (a)). The information was later amended to allege prison prior term enhancements against defendant (§ 667.5, subd. (b)).

Following a court trial in 1983, defendant was found guilty of one count of first degree murder, three counts of robbery, and one count of burglary, with true findings that a principal was armed in the commission of the offenses and defendant had served a prior prison term. Defendant was sentenced to 25 years to life, with the possibility of parole, plus seven years. The court imposed and stayed a one-year term for a prison prior term enhancement. The judgment was affirmed on appeal. (*People v.*

---

[1]    All undesignated statutory references are to the Penal Code.

*Wright* (1987) 43 Cal.3d 487, 499; *People v. Wright* (Dec. 13, 1985, 44607) [nonpub. opn.].)

**The section 1172.75 hearing**

In 2023, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court pursuant to section 1172.75 that defendant's sentence included a now invalid one-year prior prison term enhancement. In April 2023, the court reviewed the record and confirmed the enhancement was stayed under section 667.5, subdivision (b). The court noted defendant's sentence would not be changed by recalling the sentence and dismissing the enhancement. Without holding a hearing, the court ordered the clerk to prepare a minute order striking the enhancement. The court also ordered a new abstract of judgment to be prepared reflecting the stricken enhancement.

In November 2023, defendant moved to recall the April 2023 sentence and hold a full resentencing hearing pursuant to section 1172.75. Defendant contended he was entitled to appointment of counsel and a full resentencing hearing at which a shorter sentence must be imposed unless there is a risk of public safety. Defendant argued the court must apply all new sentencing laws and consider the defendant's youth, history of trauma and victimization, and any postconviction conduct. Defendant asserted it was irrelevant the enhancement was stayed, not executed, because the term "imposed" under section 1172.75 applied to enhancements that were both "executed" and "stayed." Defendant posited the decision in *People v. Rhodius* (Nov. 13, 2023, E080064), review granted February 12, 2024, S283169 (*Rhodius*) (see sub. opn. 17 Cal.5th 1050), which restricted application of section 1172.75 to only enhancements that were "executed," ignored that stayed sentences remain and

3

erroneously concluded such sentences do not constitute "lesser sentences." Defendant maintained the rule of lenity also required full resentencing because the defendant is entitled to the benefit of every reasonable doubt on questions of interpretation.

The trial court held a hearing on defendant's motion on February 15, 2024. The court denied the motion pursuant to the decision in *Rhodius, supra*, E080064, review granted. The court noted the one-year prior prison term enhancement was previously dismissed in April 2023 pursuant to section 1172.75, subdivision (a).

Defendant timely appealed.

## DISCUSSION

I.  **Defendant is entitled to a full resentencing hearing under section 1172.75 notwithstanding his enhancements being imposed and stayed**

   A.  *Standard of review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "Whether section 1172.75 entitles [a defendant]—who is currently serving time on an abstract of judgment that includes a stayed but now invalid section 667.5, subdivision (b) enhancement—to a full resentencing is a question of law that we review de novo, under well-settled standards of statutory interpretation." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 308, review granted Feb. 21, 2024, S283189.)

   B.  *Section 1172.75 resentencing does not apply only to imposed and executed enhancements*

The sole issue in this appeal is whether the trial court erred in denying a full resentencing hearing under section

1172.75 on the ground defendant's prior prison term enhancements under section 667.5, former subdivision (b) had been stayed.

With the enactment of Senate Bill No. 136 (eff. Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for conviction of a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, the Legislature made the change retroactive, declaring "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

At the time the trial court ruled on the matter at issue in this appeal, there was a split of authority on the question of whether a full resentencing hearing was required when a prior prison term enhancement, rendered invalid by section 1172.75, had been originally imposed and stayed, as opposed to imposed and executed. (*People v. Rhodius, supra*, 17 Cal.5th at p. 1057.) *People v. Rhodius* resolved the issue, finding "section 1172.75(a) is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed.'" (*Id.* at p. 1063.) *People v. Rhodius* further explained the legislative history indicated no intent to distinguish between enhancements that were imposed and executed versus those that were imposed and stayed. (*Id.* at p. 1066.) The Supreme Court concluded the "retroactive invalidation of the previously imposed enhancements in turn

5

mandates resentencing under section 1172.75, according to the procedures set forth therein." (*Id.* at p. 1068.)

The trial court in this matter, in striking the previously stayed one-year prior prison term enhancements, did not conduct a full resentencing under the procedures of section 1172.75. Section 1172.75, subdivision (c), provides, upon determination of an invalid enhancement, the court "shall recall the sentence and resentence the defendant." Subdivision (d)(1), in turn, sets outs procedures for the resentencing, including that it "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Further, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Moreover, the procedures provide the court "may consider postconviction factors" (*id.*, subd. (d)(3)); the rules relating to imposition of a middle or upper term must be followed (*id.*, subd. (d)(4)); and counsel shall be appointed (*id.*, subd. (d)(5)).

These procedures were not complied with in this case. Accordingly, we reverse the trial court's order and remand the matter to ensure compliance.

## DISPOSITION

The February 15, 2024 order denying defendant's motion for a full resentencing pursuant to section 1172.75 is reversed. On remand, the trial court shall resentence defendant under section 1172.75 according to the procedures set forth therein. We

6

express no view as to how the court should exercise its sentencing discretion.

CHAVEZ, J.

We concur:

LUI, P. J.

ASHMANN-GERST, J.